UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE & COMPANY LLC,

      Plaintiff,

v.                              Case No:  2:18-cv-154-FtM-38MRM

CARDINAL INDUSTRIES, INC.,

      Defendant.

_____/

## OPINION AND ORDER[1]

    Before the Court is Plaintiff George & Company LLC's Motion for Rehearing and Reconsideration (Doc. 47) and Motion for Leave to File Third Amended Complaint (Doc. 49) and Defendants' responses in opposition. (Doc. 52; Doc. 53).

    Plaintiff George & Co. is the owner of trademarks relating to a dice game called LCR or Left Center Right. It brought contract, trademark, and other tort claims against Cardinal, Spin Master,[2] Joel Berger, and Bonnie Berger Canner because of their connection to a competing dice game called PassPlay: The Game of LeftCenterRight. (Doc. 24). The Defendants moved to dismiss the First Amended Complaint for lack of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] George & Co. sued Spin Master Corp., Spin Master US Holdings, Inc., Spin Master Ltd., Spin Master, Inc., and Spin Master Acquisition, Inc. In this Opinion and Order, the Court collectively refers to them as "Spin Master" or the "Spin Master Defendants."

personal jurisdiction and other procedural deficiencies. (Doc. 32). The Court partially granted the Defendants' motion because the record supports personal jurisdiction over Cardinal but not the other Defendants. (Doc. 46). George & Co. filed a Second Amended Complaint in compliance with the Court's order, asserting only the surviving claims against Cardinal. (Doc. 48). George & Co. now seeks reconsideration of the Court's order and leave to file a Third Amended Complaint. (Doc. 47; Doc. 49). The purpose of both of George & Co.'s motions is to drag the dismissed Defendants (except Canner) back into the case.

### A. Motion for Rehearing and Reconsideration

Courts may reconsider non-final orders at any time before entry of judgment, but "reconsideration is an extraordinary remedy that should be granted sparingly." *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017). A party requesting reversal of a court's prior decision must make a convincing case, generally by showing "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." *Id.* "A motion for reconsideration may not be used to relitigate old issues, 'to raise new arguments which should have been raised in previous briefing, or to vent dissatisfaction with the court's reasoning.'" *Navelski v. Int'l Paper Co.*, 261 F. Supp. 3d 1212, 1214 (N.D. Fla. 2017) (quoting *Local Access, LLC v. Peerless Network, Inc.*, 12 F. Supp. 3d 1306, 1308 (M.D. Fla. 2016)).

George & Co.'s Motion for Rehearing and Reconsideration is not based on any change in the law or newly discovered evidence. Nor does it address the Court's finding that Florida's long-arm statute does not extend to most of the Spin Master Defendants. Instead, George & Co. attempts to relitigate due process with arguments that should have

been raised earlier and factual assertions and inferences that are not supported by the record.  George & Co. also dedicated much of its Motion to expressing disagreement with the Court's reasoning, based partly on its misconstruction of the order.[3]

The Court finds no basis to reconsider its September 13, 2018 order.  George & Co.'s Motion for Rehearing and Reconsideration is thus denied.

### B. Motion for Leave to File Third Amended Complaint

While district court's have discretion in resolving a motion to amend, "that discretion 'is strictly circumscribed' by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs that leave to amend should be 'freely give[n] when justice so requires.'" *City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1277 (11th Cir. 2015) (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)).  But "a motion to amend may be denied on grounds, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the management, and futility of amendment.'" *EEOC v. STME, LLC*, 309 F. Supp. 3d 1207, 1215 (M.D. Fla. 2018) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).

The primary purpose of George & Co.'s proposed amendments is to establish personal jurisdiction over the Spin Master Defendants and Berger through agency principles.  A foreign parent corporation is normally "not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there."  *Meier ex rel. Meier v.*

---

[3] George & Co.'s fixation on what it calls a "proportionality rule" is particularly unwarranted.  Contrary to George & Co.'s apparent interpretation of the Order, the Court did not give much weight to the percentage of Defendants' total sales made in Florida.

*Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002).  And general jurisdiction over a corporation ordinarily exists only in its state of incorporation and principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).  But agency relationships "may be relevant to the existence of *specific* jurisdiction," as "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there."  *Id.* at 135 n.13.

George & Co.'s proposed Third Amended Complaint states that the Spin Master Defendants "control and operate the actions of Cardinal," that Cardinal and Spin Master "operate today as one and the same," and that Cardinal acts as Spin Master's agent "regarding sale of Spin Master games in this District and in Florida." (Doc. 49-1 at ¶¶ 19, 45, 46).  The Court cannot find the proposed amendment to be futile at this time, and the cases cited by Defendants illustrate why.  In both *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231 (S.D. Fla. 2015) and *Abramson v. Walt Disney Co.*, 132 F. App'x 273 (11th Cir. 2005), the plaintiffs stated *prima facie* cases of jurisdiction over parent corporations, which the parent corporations successfully rebutted.  While these cases may ultimately support the Spin Master Defendants' position, they suggest a pleading standard for agency-based jurisdiction that George & Co. has easily met.  The Spin Master Defendants might likewise rebut George & Co.'s new jurisdictional allegations, but the allegations do establish a *prima facie* case of jurisdiction over the Spin Master Defendants.

The Court therefore grants George & Co. leave to amend its Complaint.  Because the agency allegations are not futile, Defendants remaining futility arguments need not be addressed in this Order.  But Defendants' Local Rule 3.01(g) argument warrants mention.

The purpose of the rule "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Winston v. A to Z Wiring, LLC*, No. 5:16-CV-484-OC-PGBPRL, 2018 WL 1940430, at *1 (M.D. Fla. Mar. 21, 2018). A last-minute, perfunctory email is insufficient. The Court does not find that striking the motion would promote judicial economy in this instance, but the Court cautions counsel for George & Co. that compliance with the Local Rules is mandatory.

Accordingly, it is now

**ORDERED:**

1. Plaintiff George & Company LLC's Motion for Rehearing and Reconsideration (Doc. 47) is **DENIED**.

2. Plaintiff George & Company LLC's Motion for Leave to File Third Amended Complaint (Doc. 49) is **GRANTED**. The Clerk is **directed** to file the Third Amended Complaint (Doc. 49-1) as a new and separate docket entry.

3. Defendants are **ordered** to file their response(s) to the Third Amended Complaint on or before November 7, 2018.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of October, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record